## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BARBARA G. KLOSS, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 CV 3659 |
| ) | |
| v. ) | Judge Gettleman |
| ) | |
| PADDOCK PUBLICATIONS d/b/a THE ) | Magistrate Judge Denlow |
| DAILY HERALD, ) | |
| ) | |
| Defendant. ) | |

### ANSWER TO COMPLAINT OF EMPLOYMENT DISCRIMINATION

Paddock Publications d/b/a The Daily Herald ("Paddock Publications") pursuant to

Federal Rules of Civil Procedure 8(b) and 12(a), answers Plaintiff Barbara G. Kloss' ("Kloss" or

"Plaintiff") Complaint as follows:

### COMPLAINT ¶ 1:

This is an action for employment discrimination.

### ANSWER:

Paddock Publications admits that Plaintiff alleges employment discrimination. Paddock

Publications denies that it discriminated against Plaintiff. Defendant denies all remaining

allegations contained in paragraph 1 of the complaint.

### COMPLAINT ¶ 2:

The plaintiff is Barbara G. Kloss of the county of Cook in the state of Illinois.

### ANSWER:

Paddock Publications admits that Plaintiff is Barbara G. Kloss. Paddock Publications

lacks knowledge or information sufficient to form a belief as to the remaining allegations in

paragraph 2 of the complaint.

**COMPLAINT ¶ 3:**

The defendant is Paddock Publications d/b/a The Daily Herald, whose street address is 155 E. Algonquin Rd., Arlington Heights, Cook County, Illinois 60005, (847) 427-4391.

**ANSWER:**

Paddock Publications admits it is the named defendant, Paddock Publications, doing business as The Daily Herald. Paddock Publications admits that its street address is 155 E. Algonquin Rd., Arlington Heights, Cook County, Illinois 60005. Paddock Publications denies that its phone number is (847) 427-4391. Further, Paddock Publications states that its phone number is (847) 427-4300.

**COMPLAINT ¶ 4:**

The plaintiff was employed by the defendant at 155 E. Algonquin Rd., Arlington Heights, Cook County, Illinois 60005.

**ANSWER:**

Paddock Publications admits the allegations contained in paragraph 4 of the complaint.

**COMPLAINT ¶ 5:**

The plaintiff was employed but is no longer employed by the defendant.

**ANSWER:**

Paddock Publications admits the allegations contained in paragraph 5 of the complaint.

**COMPLAINT ¶ 6:**

The defendant discriminated against the plaintiff on or about, or beginning on or about, July 17, 2006.

**ANSWER:**

Paddock Publications denies all allegations contained in paragraph 6 of the complaint.

**COMPLAINT ¶ 7:**

(a)    The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this

-2-

complaint with the Illinois Department of Human rights, on or about _____, [sic] 2007.

    (b)    Charges were not filed with any agencies, but plaintiff will file a copy of the charge within 14 days.

**ANSWER:**

Paddock Publications admits that it is not a federal governmental agency. Paddock Publications admits that a charge of discrimination was filed with the Illinois Department of Human Rights on or about November 22, 2006 and that, while Plaintiff did not attach a copy of her charge to the complaint, she subsequently filed one with the Court. Paddock Publications denies any remaining allegations contained in paragraph 7 of the complaint.

**COMPLAINT ¶ 8:**

The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on April 11, 2008, a copy of which *Notice* is attached to this complaint.

**ANSWER:**

Paddock Publications admits that the Equal Employment Opportunity Commission ("EEOC") has issued a Notice of Right to Sue, a copy of which was attached to the complaint. Paddock Publications lacks knowledge or information sufficient to form a basis as to the remaining allegations in paragraph 8 of the complaint.

**COMPLAINT ¶ 9:**

The defendant discriminated against the plaintiff because of the plaintiff's disability (Americans with Disabilities Act or Rehabilitation Act).

**ANSWER:**

Paddock Publications denies that it discriminated against Plaintiff. Paddock Publications denies that it violated the Americans with Disabilities Act or the Rehabilitation Act or otherwise violated any applicable statutes. Paddock Publications lacks knowledge or information sufficient

-3-

to form a belief as to whether or not Plaintiff has a disability.  Paddock Publications denies any

remaining allegations contained in paragraph 9 of the complaint.

## COMPLAINT ¶ 10:

If the defendant is a state, county, municipal (city, town or village) or other local
governmental agency, plaintiff further alleges discrimination on the basis of race, color, or
national origin (42 U.S.C. § 1983).

## ANSWER:

Paddock Publications denies that it is a state, county, municipal (city, town or village) or

other local governmental agency.  Paddock Publications denies all remaining allegations

contained in paragraph 10 of the complaint.

## COMPLAINT ¶ 11:

Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII
claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3); for 42
U.S.C. § 1981 and § 1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the
Rehabilitation Act, 29 U.S.C. § 791.

## ANSWER:

Paddock Publications admits that this Court has jurisdiction over the subject matter of

Plaintiff's complaint.  Paddock Publications denies any remaining allegations contained in

paragraph 11 of the complaint.

## COMPLAINT ¶ 12:

The defendant terminated the plaintiff's employment, failed to reasonably accommodate
the plaintiff's disabilities, failed to stop harassment, retaliated against the plaintiff because the
plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10
above, and retaliated against the plaintiff for making and assisting with complaints of race and
national orgin [sic] discrimination against other employees.

## ANSWER:

Paddock Publications admits that it terminated Plaintiff's employment.  Paddock

Publications denies the remaining allegations contained in paragraph 12 of the complaint.

-4-

**COMPLAINT ¶ 13:**

Plaintiff has a disability, Bipolar Disorder. Plaintiff was denied a leave and was terminated. A similarly situated employee who did not have a mental disability was allowed to take a leave.

**ANSWER:**

Paddock Publications admits that it was advised by Plaintiff that she suffers from Bipolar Disorder. Paddock Publications admits that Plaintiff's employment was terminated. Paddock Publications denies all remaining allegations contained in paragraph 13 of the complaint.

**COMPLAINT ¶ 14:**

The plaintiff demands that the case be tried by a jury.

**ANSWER:**

Paddock Publications admits that Plaintiff seeks a jury trial but denies that a jury trial is appropriate as to the issues raised in this complaint.

**COMPLAINT ¶ 15:**

The plaintiff asks that the court grant the appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees. Grant such other relief as the Court may find appropriate.

**ANSWER:**

Paddock Publications admits that the Plaintiff requests that the Court grant relief. Paddock Publications denies that any relief is appropriate. Paddock Publications denies all remaining allegations contained in paragraph 15 of the complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims for damages are barred to the extent she has failed to mitigate her damages or should be offset to the extent of any interim earnings.

2.    Plaintiff's claims are barred to the extent that she seeks to base any claim on events occurring outside the applicable statute of limitation period.

-5-

3.    To the extent plaintiff is requesting relief in the form of punitive damages, those claims are barred by Paddock Publications' good-faith efforts to comply with all applicable anti-discrimination laws.

Paddock Publications reserves the right to plead any additional defenses as they become known or available during the pendency of this action.

WHEREFORE defendant Paddock Publications denies that Plaintiff is entitled to any relief whatsoever and prays that judgment be entered in its favor on Plaintiff's complaint, that the complaint be dismissed with prejudice, and that Paddock Publications be awarded its costs and such other relief as this Court deems equitable and just.

**DATED: July 18, 2008**                      Respectfully submitted,

PADDOCK PUBLICATIONS d/b/a THE
DAILY HERALD


By_____s/ Ian H. Morrison_____
                One of Its Attorneys

Ian H. Morrison (imorrison@seyfarth.com)
Jonathan J.C. Grey (jgrey@seyfarth.com)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000
(312) 460-7000 (fax)

-6-

CH1 11517445.1

## CERTIFICATE OF SERVICE

I, Ian H. Morrison, an attorney, do hereby certify that I have filed electronically via the CM/ECF system the foregoing **ANSWER TO COMPLAINT** and caused a true and correct copy to be served upon the following:

Barbara G. Kloss
1497 Ramblewood Drive
Hanover Park, IL 60133

by U.S. Regular Mail on this 18th day of July, 2008.

/s Ian H. Morrison
Ian H. Morrison

CH1 11517445.1